UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STONE DIAGNOSTIC LABORATORIES, LLC | * | CIVIL ACTION |
| | * | NO. |
| VERSUS | | |
| | * | SECTION |
| CAP DIAGNOSTICS, LLC d/b/a PATHNOSTICS | * | DIVISION |

\* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff, Stone Diagnostic Laboratories, LLC ("Stone") avers as follows:

### NATURE OF THE ACTION

I.

This is a diversity action for (1) breach of contract, (2) unjust enrichment under La. Civ. C. art. 2298, and (3) unfair trade practices.

### THE PARTIES

II.

Plaintiff is a Louisiana limited liability company domiciled in Jefferson Parish, whose sole member is a citizen of the State of Louisiana.

III.

Made defendant is Cap Diagnostics, LLC, a California limited liability company, none of whose members are citizens of the State of Louisiana. The principle place of business of Cap Diagnostics, LLC ("Cap") is 3189-F Airway Avenue, Costa Mesa, California 92626.

IV.

Cap is conducting business in the State of Louisiana, although it does not have a registered agent in Louisiana.

## JURISDICTION AND VENUE

V.

Jurisdiction is proper pursuant to 28 U.S.C. §1332, because the parties are completely diverse and the amount in dispute exceeds $75,000.

VI.

Venue exists under 28 U.S.C. §1391(b), because a substantial part of the events giving rise to the claim occurred in this district.

## GENERAL ALLEGATIONS

VII.

Stone is owned by Christopher Ridgeway, who is the manager of the company and operates it from his home at 579 Woodvine Avenue, Metairie, Louisiana 70005. Stone was formed in 2015 to market and sell to physicians, clinics and healthcare providers the services of laboratories engaged in medical and healthcare testing. Christopher Ridgeway is also the sole owner and manager of Stone Biotechnologies, LLC, which acted as the agent of Stone, from time to time, in dealings with Cap.

VIII.

In 2015, Cap and Stone entered negotiations for Stone to make sales on behalf of Cap by developing, engaging and retaining customers for the laboratory services offered by Cap.

IX.

Cap offered a "Proposal of Service/Business Arrangement" dated May 28, 2015 that Stone accepted, signed and returned. Exhibit 1. Under this agreement, Stone commenced working on behalf of Cap, acquired customers, clients and business for Cap, and Cap began to pay commissions to Stone under the agreement. Significant expenses were incurred by Stone in developing and obtaining the customers for Cap.

X.

The agreement contemplated that a more definitive agreement would be reached between the parties, but that was never consummated.

XI.

On March 11, 2016, Cap issued a letter to Christopher Ridgeway advising "We are discontinuing our arrangement with Stone" and that the "primary reason for this decision is due to the inability to reach a Definitive Agreement". Cap also advised that "Going forward we will not be paying commissions on accounts that we and [sic] maintain and service ourselves". Exhibit 2.

XII.

Notwithstanding the initial agreement to pay Stone commissions on customers and sales developed by it on behalf of Cap, Cap has failed to pay the commissions that were owed to Stone prior to termination of the agreement between Cap and Stone. Also, Cap intends to breach its obligation to pay Stone future commissions on sales to customers that were brought to Cap by Stone.

XIII.

Cap has directly contacted the customers, clients, physicians and businesses that were developed by Stone for Cap, advising them to no longer deal with Stone and to deal directly with Cap for its laboratory services.

XIV.

Cap will continue to receive the benefit of sales and profits from customers and clients that Stone developed for Cap.

XV.

Stone reasonably relied upon Cap's representations and commitments that Stone would be paid a commission on all sales to customers generated and developed by Stone.

XVI.

The Proposal of Service/Business Arrangement dated May 28, 2015 is a legally binding contract, obligating Cap to pay commissions to Stone. In the alternative, if this instrument is not deemed to be a legally binding written contract, then an oral agreement existed under the same terms and conditions as the Proposal of Service/Business Arrangement, the terms of which are evidenced and established by the course of conduct, actions and practices of Cap in having Stone solicit, develop and engage customers and clients for it, then paying Stone commissions for the work performed. In the further alternative, Stone relied, to its detriment, on the representations by Cap that Cap would pay commissions on sales generated and developed by Stone, and Cap has been unjustly enriched by the efforts and labor of Stone in generating customers and sales for Cap.

XVII.

Stone has not been paid all commissions since the month of January 2016, and current unpaid commissions are estimated, without limitation, to be:

**SPECIMENS**

| Month | Total |
|---|---|
| January | $1,062,229 |
| February | $1,264,520 |
| March | $779,825 |
| Total | $3,106,574 |

**COMMISSIONS**

| Month | Total |
|---|---|
| January | $257,673 |
| February | $245,164 |
| March | $208,483 |
| Total | $711,320 |

XVIII.

In addition, some commissions from prior to January 2016 were not paid. Commissions are owed on payments received by Cap from a customer known as Med Comp who is believed to have made payments of $1.6 million for which a commission of 30% is due, or $480,000, and commissions are owed on payments received by Cap from a customer known as Integrity Health for which $51,891 in commissions is owed to Stone.

XIX.

After Stone engaged customers and clients to conduct business with Cap, the specimen or sample were sent directly from the healthcare provider to Cap for testing and analysis, accompanied by a requisition form or order from the healthcare provider that specified the testing to be conducted by Cap. Cap then performed the laboratory tests and reported the results directly to the healthcare provider.

XX.

In its capacity as a sales representative, Stone was not involved in the gathering and delivery of samples or specimens, the placing of the order, the billing or collection from the healthcare provider. Cap directly billed each healthcare provider, then received compensation for its services and remitted a commission to Stone in accordance with their agreement.

XXI.

For several months, Cap provided monthly reports and remittances to Stone, setting forth a schedule of the amounts collected and the commissions remitted.

XXII.

Cap collected, and continues to collect, payments from customers and clients obtained for Cap by Stone and has failed to remit the commissions owed to Stone.

XXIII.

Cap will continue to collect in the future payments from customers and clients obtained for cap by Stone, and Cap owes commission, or in the alternative damages, for such.

## COUNT I
## BREACH OF CONTRACT

XXIV.

Cap breached its contractual obligations to Stone by failing to remit full payments of commissions to Stone in accordance with the agreement.

## COUNT II
## UNJUST ENRICHMENT

XXV.

In the alternative, and in the event that no contract is found to exist between Cap and Stone, then Stone is entitled to recover from Cap those sums for which Cap has been unjustly enriched through the labor and efforts of Stone, as set forth above.

## COUNT III
## LOUISIANA UNFAIR TRADE PRACTICES ACT

XXVI.

As set forth above, Cap violated the Louisiana Unfair Trade Practices Act, La.R.S. 51:1405, by engaging Stone to perform work to obtain customers and clients for Cap without compensating or paying Stone for its services.

XXVII.

Pursuant to La.R.S. 51:1409B, Stone has mailed a copy of this Complaint to the Louisiana Attorney General.

WHEREFORE, plaintiff, Stone Diagnostic Laboratories, LLC prays for judgment in its favor against the defendant, Cap Diagnostics, LLC, for all damages, interest, costs and attorney's fees, and all of the relief to which it may be entitled.

Respectfully submitted,


/s/ Wade P. Webster
WADE P. WEBSTER, T.A., LA Bar No. 01639
RYAN MARTIN, LA Bar No. 35227
FOWLER RODRIGUEZ FLINT GRAY
MCCOY & SULLIVAN, L.L.P.
400 Poydras Street – 30th Floor
New Orleans, LA 70130
Telephone: (504) 523-2600
Email: wwebster@frfirm.com
Email:  rmartin@frfirm.com
*Attorney for Stone Diagnostic Laboratories, LLC*